IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM CARR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  CAUSE NO. 01-CV-625-WDS |
| | ) |
| LARRY WHITTENBURG and | ) |
| CRAIG HEIN, | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

**STIEHL, District Judge:**

Before the Court is defendants' motion to reconsider the Court's Order of August 3, 2005, granting plaintiff leave to amend his complaint to add a demand for jury, together with plaintiff's response.

Rule 38 of the Federal Rules of Civil Procedure provides that any party may demand a trial by jury for a jury issue by serving upon the other party a jury demand at any time after the commencement of the action, but not later than ten days after service of the last pleading directed to such issue, otherwise a jury is waived. Fed. R. Civ. P. 38(b), (d). However, the Seventh Circuit holding in *Merritt v. Faulkner*, 697 F.2d 761, 767 (7th Cir.1983), requires district courts to accept untimely jury demands by unrepresented plaintiffs unless "strong and compelling reasons" counsel otherwise. In *Middle Tennessee News Co. v. Charnel of Cincinnati, Inc.*, 250 F.3d 1077, 1082 (7th Cir. 2001) the court noted that there is a presumption against waiver of the constitutional right to jury trial. *See Winter v. Minnesota Mut. Life Ins. Co.*, 199 F.3d 399, 408 n. 11 (7th Cir.1999) (*citing Jennings v. McCormick*, 154 F.3d 542, 545 (5th Cir.1998) (explaining that courts must consider every reasonable presumption against waiver of a jury demand)).

Pursuant to Rule 39(b) the district court has the power to grant an untimely request for a jury trial. The Seventh Circuit stated in *Members v. Paige,* 140 F.3d 699, 703 (7th Cir. 1998):

> Rule 38(d) means that the district judge may require a litigant who asks belatedly for a jury trial to offer a reason for not meeting the deadline in Rule 38(b). Once such a reason has been advanced, the district court "ought to approach each application under Rule 39(b) with an open mind and an eye to the factual situation of that particular case, rather than with a fixed policy." [A]pplication under Rule 39(b) should be entertained with an open mind, just as district judges entertain motions to amend the complaint after the power to do so as of right has expired. Lack of legal assistance may supply (or be) a good reason for a favorable exercise of discretion under Rule 39(b).

*Id.* at 703 (*quoting* Charles Alan Wright & Arthur R. Miller*, Federal Practice and Procedure* § 2334 at 189 (1995)). Here, the reason given for plaintiff's failure to specifically request a jury trial includes the fact that he commenced this action *pro se,* and that the Court set it for a jury trial. Therefore, the defendants are not prejudiced by the plaintiff's late request for a jury trial.

Upon review of the record, the Court **FINDS** that it is an appropriate exercise of its discretion under Rule 39(b) to allow plaintiff's late demand for a jury trial. The defendants are not prejudiced by this demand and the plaintiff has offered sufficient grounds for his failure to previously request a jury trial, including the fact that he was proceeding without representation of counsel when he filed his complaint.

Accordingly, defendants' motion to reconsider is **DENIED** and this matter will be tried before a jury.

**IT IS SO ORDERED.**

**DATED: August 12, 2005.**

                                               **s/ WILLIAM D. STIEHL**
                                                     **DISTRICT JUDGE**