IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| WILLIAM CARR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:01-cv-625-DGW |
| | ) | |
| LARRY WHITTENBURG and CRAIG HEIN, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter is before the Court on the Motion for Summary Judgment filed by the Defendants, Larry Whittenburg and Craig Hein, on September 2, 2005 (Doc. 86) and the Motion to Dismiss Defendants' Motion for Summary Judgment filed by the Plaintiff, William Carr, on October 5, 2005 (Doc. 94). For the reasons set forth below, the Defendants' Motion for Summary Judgment is **DENIED** (Doc. 86), and the Plaintiff's Motion to Dismiss Defendants' Motion for Summary Judgment is **DENIED AS MOOT** (Doc. 94).

### BACKGROUND

The Plaintiff, William Carr, an inmate at the Menard Correctional Center ("Menard") near Chester, Illinois, brings this action pursuant to 42 U.S.C. § 1983. The operative complaint in the case alleges, "Plaintiff prepared a grievance which was dated 4/22/01 and on that date mailed the grievance to defendant Whittenburg" (Amended Complaint ("Am. Compl.") ¶ 6). "The grievance was against Unit Superintendent William T. Spiller and alleged that Mr. Spiller allowed his security staff and inmate cell house workers to act as food handlers in the absence of required medical staff approval and appropriate sanitation apparel in violation of [Illinois] Department [of Corrections] Rule 502.40" (Id. ¶ 7). "Defendant Whittenburg, in retaliation for plaintiff making said grievance against Spiller, wrote a false disciplinary report dated 4/27/01

which stated that plaintiff intimidated or threatened his cell mate, Bernard Taylor.  Said report was false because plaintiff did not threaten or intimidate Taylor" (Id. ¶ 8).  "Defendant Hein, also in retaliation against plaintiff for making the 4/22/01 grievance, signed the false disciplinary report and ordered that plaintiff be placed in temporary confinement and ordered a correctional officer to put plaintiff's cell on deadlock status; plaintiff further suffered a scar on his wrist due to being handcuffed" (Id. ¶ 9).  "Defendant Hein then turned the report over to Captain Lashbrook as review officer who declared the report a major rule infraction which caused the report to be scheduled for an adjustment committee hearing" (Id. ¶ 10).  "Defendants Whittenburg and Hein conspired between themselves and with others with respect to the retaliation against plaintiff in the form of the 4/27/01 false disciplinary report and the subsequent guilty finding at the adjustment committee hearing where plaintiff was denied the testimony of any witnesses" (Id. ¶ 12).

As a result of the adjustment committee hearing regarding the disciplinary report, Carr was ordered to undergo a three-month demotion from A grade status to C grade status, three months in segregation, and denial of contact visits for three months (see Am. Compl. ¶ 11). During the three-month period, Carr was unable to attend Muslim religious services, lost unassigned pay in the amount of $10 per month, was denied recreation for the first ten days of the three-month period due to segregation, was ineligible for a medium security transfer, and was unable to attend the general prison population's yard recreation (see id.)  Also, Carr suffered pain and bruising and scarring on his wrists due to being required to wear handcuffs that were too small for his wrists (see id.).

Carr asserts that Whittenburg and Hein violated his rights under the First Amendment

and Fourteenth Amendment of the United States Constitution by retaliating against him for filing a grievance.  Whittenburg and Hein have moved for summary judgment as to Carr's claim on the grounds that, at the time they wrote the disciplinary report against him, they were unaware that he had filed a grievance, so that the disciplinary report was not written with retaliatory intent.  Because the disciplinary report was not written with retaliatory intent, the defendants argue further, they are entitled to summary judgment on the grounds of qualified immunity.

DISCUSSION

A.      **Legal Standard**

Summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  In considering a summary judgment motion, a court must review the entire record and draw all reasonable inferences in the light most favorable to the non-moving party.  See NLFC, Inc. v. Devcom Mid-America, Inc., 45 F.3d 231, 234 (7th Cir. 1995); Enquip, Inc. v. Smith-McDonald Corp., 655 F.2d 115, 118 (7th Cir. 1981).  On summary judgment a court may not make credibility determinations or weigh the evidence, because these are tasks for a factfinder.  See Betaco, Inc. v. Cessna Aircraft Co., 32 F.3d 1126, 1138 (7th Cir. 1994); Sarsha v. Sears, Roebuck & Co., 3 F.3d 1035, 1041 (7th Cir. 1993).  In evaluating a motion for summary judgment, "[t]he court has one task and one task only:  to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial."  Waldridge v. American Hoechst Corp., 24 F.3d 918, 920 (7th Cir. 1994).

B.      **Motion for Summary Judgment**

3

As discussed, Carr alleges that Whittenburg and Hein retaliated against him for filing a grievance by writing a false disciplinary report against him, in violation of his constitutional rights.  "An act taken in retaliation for the exercise of a constitutionally protected right violates the Constitution.  Prisoners have a constitutional right of access to the courts that, by necessity, includes the right to pursue the administrative remedies that must be exhausted before a prisoner can seek relief in court."  DeWalt v. Carter, 224 F.3d 607, 618 (7th Cir. 2000) (citations omitted).  "Thus, a prison official may not retaliate against a prisoner because that prisoner filed a grievance . . . . This is so even if the adverse action does not independently violate the Constitution."  Id.  See also Walker v. Thompson, 288 F.3d 1005, 1009 (7th Cir. 2002).

In opposition to the Defendants' request for summary judgment, the Plaintiff has moved to dismiss the Defendants' motion for summary judgment.  The Plaintiff asserts that the summary judgment motion is untimely because it was filed fewer than one hundred days before the first day of the presumptive trial month in this case, September 2005, in violation of Local Rule 7.1, which provides, in pertinent part, "All motions . . . for summary judgment must be filed no later than one hundred (100) days before the first day of the presumptive trial month."  S.D. Ill. Local R. 7.1(f).  The Plaintiff further points out that the Defendants have been on notice of the nature of the Plaintiff's claim since the commencement of this action and therefore cannot proffer any legitimate reason for their failure to comply with the plain, mandatory language of Rule 7.1(f).

The Court agrees with the Plaintiff that the Defendants' motion for summary judgment is unacceptably late; but, the Court believes that the motion fails for another, more fundamental reason.  The basis for the summary judgment motion, as noted, are affidavits by Whittenburg and

Hein stating that, at the time they prepared the disciplinary report that resulted in Carr's punishment, they were not aware that Carr had filed a grievance.  Carr's complaint, however, clearly alleges facts from which reasonable jurors could infer retaliation.  Similarly, the affidavits filed by Whittenburg and Hein clearly implicate issues about the Defendants' intent and motive and ask the Court to make credibility determinations that only the trier of fact can make.

        As discussed, Carr alleges that, a mere five days after he wrote and mailed a grievance to Whittenburg, the Defendants brought an allegedly false disciplinary report against him.  While it is possible in some instances to prove retaliation through direct written evidence, see, e.g., Buise v. Hudkins, 584 F.2d 223, 226 (7th Cir. 1978), in most instances it is not possible to do so, and instead retaliation must be proved through circumstantial evidence.  See Murphy v. Lane, 833 F.2d 106, 108 (7th Cir. 1987) ("[T]he ultimate fact of retaliation for the exercise of a constitutionally protected right rarely can be supported with direct evidence of intent[.]").  "[R]etaliation may plausibly be inferred" from "a chronology of events."  Cain v. Lane, 857 F.2d 1139, 1143 n.6 (7th Cir. 1988).  See also Benson v. Cady, 761 F.2d 335, 342 (7th Cir. 1985).  To prove retaliation, a plaintiff must show that his or her constitutionally-protected conduct was a substantial or motivating factor in a state actor's decision and that the same decision would not have been reached absent the protected conduct.  See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977); Spiegla v. Hull, 371 F.3d 928, 941 (7th Cir. 2004).  Typically courts have found an inference of causation where the temporal interval between allegedly retaliatory action and a Plaintiff's protected activity is relatively short.  See, e.g., Murphy, 833 F.2d at 109 n.1 (finding a plausible inference of retaliation where an inmate was transferred to

5

another prison two hundred miles away "immediately" after filing a lawsuit against the prison).

Cf. Benson, 761 F.2d at 342 (holding that a five-month gap between an inmate's protected

activity and allegedly retaliatory conduct "greatly weakens any inference" that an act was taken

in retaliation for the exercise of constitutional rights).

    In Harris v. Fleming, 839 F.2d 1232 (7th Cir. 1988), the court reversed a grant of

summary judgment as to a claim of retaliation by a Menard inmate.  The inmate had brought suit

under 42 U.S.C. § 1983, alleging that prison officials had fired him from two prison jobs after his

partial success in a prior lawsuit against the assistant warden, and that he was fired from a third

job and transferred to a new cell after he declined to settle the same lawsuit.  See 839 F.2d

at 1234.  The court concluded that the plaintiff's allegations created a genuine issue for trial:

> We do not know what the merits of the retaliation claim may be
> and we express no preliminary view, but Harris's allegations and
> the differences in timing are enough to require more than summary
> treatment.  In our judgment Harris has raised genuine issues of
> material fact sufficient to defeat summary judgment on this part of
> his complaint.  His claim, on this record, is therefore not
> appropriate for disposition as a matter of law . . . .  The issue . . . is
> the defendants' possible retaliation for Harris's at least partially
> successful attempt to exercise his constitutional right of access to
> the courts, and harm to him through his refusal to settle.  There is a
> time relationship in those events which appears to have been
> misunderstood or overlooked.  This particular claim deserves
> additional consideration.
>
> Id. at 1238.

Similarly, in Babcock v. White, 102 F.3d 267 (7th Cir. 1996), the court held that an inmate's

allegations that the action of prison officials in delaying his transfer to another prison was "in

retaliation for plaintiff's use of the 'inmate grievance system' and previous lawsuits against

[prison] officials" were sufficient to survive a motion for summary judgment.  Id. at 275.  The

6

court concluded that summary judgment was inappropriate based upon the record because "[i]f believed, the claim that [prison officials] prevented an expeditious transfer in order to retaliate against Babcock for exercising his constitutional rights would entitle Babcock to damages." Id. at 275.

In denying summary judgment, the Court is mindful that it is not sitting as the trier of fact and that the affidavits submitted by Whittenburg and Hein raise issues about credibility and intent that the Court cannot resolve in ruling on a motion for summary judgment.  The Court fails to see how it can grant summary judgment on this record without "mak[ing] a determination as to the [defendants'] motive or intent, which is a 'quintessential question of fact.'" Flowers v. Carson, 917 F. Supp. 614, 620 (S.D. Ind. 1996) (quoting Kelly v. Municipal Ct. of Marion County, 852 F. Supp. 724, 736 (S.D. Ind. 1994)).  "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  "While Rule 56 does contemplate that . . . the allegations of fact in the pleadings may be pierced . . . by admissions, depositions and affidavits which show, in fact, that no genuine issues of fact exist . . . , the court . . . is not permitted to try on the affidavits submitted an issue of fact which is presented by the pleadings." Zahora v. Harnischfeger Corp., 404 F.2d 172, 175 (7th Cir. 1968).  Put another way, "summary judgment is inappropriate when affidavits require credibility determinations," and "where the underlying issue is one of motivation, intent, or some other subjective fact." Santiago v. Lane, 894 F.2d 218, 224 (7th Cir. 1990) (citing Davis v. Zahradnick, 600 F.2d 458 (4th Cir. 1979), and Conner v. Reinhard, 847 F.2d 384 (7th Cir. 1988)).  See also Smith v. Maschner, 899 F.2d 940, 949 (10th Cir. 1990)

7

("Where defendants' motives are seriously at issue, trial by affidavit is particularly inappropriate"; credibility determinations and the weighing of evidence is for the jury).

In holding that a reasonable jury could find for Carr on his claim of retaliation, the Court does not suggest that a reasonable jury should find for him.  Rather, the Court merely holds that the Defendants are not entitled to a judgment as a matter of law on Carr's retaliation claim at this time.  At trial, as discussed, Carr must still prove that a substantial motivating factor behind the Defendants' actions was retaliation for his filing of a grievance and that the actions would not have been taken had Carr not filed the grievance.  See Mt. Healthy, 429 U.S. at 287.  Also, the Court retains the power to enter a judgment as a matter of law if, after having heard all of the evidence at trial, the Court concludes that a reasonable jury could not find for Carr.  See, e.g., St. Louis Convention & Visitors Comm'n v. National Football League, 154 F.3d 851, 860 (8th Cir. 1998).  At this juncture, however, the Court declines to grant summary judgment for the Defendants.[1]

## CONCLUSION

For the foregoing reasons, the Motion for Summary Judgment filed by the Defendants, Larry Whittenburg and Craig Hein, on September 2, 2005 is **DENIED** (Doc. 86) and the Motion to Dismiss Defendants' Motion for Summary Judgment filed by the Plaintiff, William Carr, on October 5, 2005 is **DENIED AS MOOT** (Doc. 94).

**DATED: April 28, 2006**

                                    **s/ Donald G. Wilkerson**

---

1.    Because the Court declines to grant summary judgment for the Defendants on the grounds that they acted without retaliatory intent, the Court also declines to grant the Defendants summary judgment on the grounds of qualified immunity.  See Babcock, 102 F.3d at 276.

8

**DONALD G. WILKERSON**
**United States Magistrate Judge**