IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM CARR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 3:01-cv-625-DGW |
| ) | |
| LARRY WHITTENBURG and CRAIG HEIN, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter is before the Court on the Motion for a Copy of Video Conference and Transcript filed by the plaintiff, William Carr, on September 11, 2006 (Doc. 134). For the reasons set forth below, the motion is **DENIED**.

In this motion, the plaintiff seeks a video tape of a July 12, 2006 video conference, a transcript of a pretrial conference held on August 4, 2006, and a copy of a motion for physical access that the plaintiff filed on August 9, 2006.  The plaintiff avers that, on August 1, 2006,  a prison official illegally seized all of his legal documents, and that the materials he seeks from this Court are "to be used as evidence against the defendants" in his ongoing litigation in the U.S. District Court for the Central District of Illinois.  The plaintiff requests that this Court forward copies of the requested materials to the Central District Court in Peoria, Illinois.

This Court does not maintain copies of video conferences held in lawsuits and thus cannot provide the plaintiff a copy.  Further, the plaintiff is advised that he is to bear his own costs of litigation, which includes the costs of obtaining copies of transcripts.  These costs cannot be shifted to the defendants, to the prison, or to the Court.  See Ivey v. Harney, 47 F.3d 181, 185 (7th Cir. 1995) ("Nothing in the common law supports an order directing a third party to provide free services that facilitate litigation.").  The plaintiff is further advised that the evidence he

obtains in the case before this Court will not be forwarded to a different court for the purpose of aiding the plaintiff prosecute his case there.  The plaintiff's burden to produce evidence in the Central District case is completely separate and distinct from the plaintiff's burden to produce evidence in the instant case before this Court.  Accordingly, this Court expects that the plaintiff will have his legal documents and materials when he appears for trial here at 9:00 a.m. on the morning of September 25, 2006.  This Court will allow the plaintiff an opportunity to review his legal materials on the morning of September 25th, and, as such, the plaintiff **SHALL** be prepared to proceed with trial by 1:00 p.m. that afternoon.

**DATED: September 15, 2006**

<u>s/ *Donald G. Wilkerson*</u>
**DONALD G. WILKERSON**
**United States Magistrate Judge**