IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM CARR, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:01-cv-625-DGW |
| LARRY WITTENBURG and CRAIG HEIN, | ) |
| Defendants. | ) |

## ORDER

Currently pending before the Court are Plaintiff William Carr's Motion for reconsideration of the Court's order denying appointment of counsel (Doc. 166), and a request for a hearing on that motion (Doc. 173). For the reasons set forth below, these motions are **DENIED**.

### BACKGROUND

On November 28, 2006, after a trial had been conducted and a jury verdict rendered against him in this civil action, Plaintiff filed a notice of appeal and a motion to appoint counsel on appeal (Doc. 158). On May 17, 2007, the Court denied the motion to appoint counsel, finding that because Plaintiff's appeal had been dismissed for failure to pay the filing fee, the motion for appointment of counsel was therefore moot (Doc. 164). On June 11, 2007, the Court of Appeals for the Seventh Circuit recalled their mandate and reinstated the appeal in this action (Doc. 165). Plaintiff now requests that the Court reconsider its denial of appointment of counsel, arguing that the issue is no longer moot because his appeal his been reinstated.

### ANALYSIS

A Court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. §1915(e)(1). There is no constitutional or statutory right to counsel for a civil litigant,

however. Stroe v. Immigration and Naturalization Services, 256 F.3d 498, 500 (7th Cir. 2001); Zarnes v. Rhodes, 64 F.3d 285, 288 (7th Cir. 1995). In Heidelberg v. Hammer, 577 F. 2d 429 (7th Cir. 1978), the Court recognized that the question whether or not to request an attorney to represent a plaintiff rests in the sound discretion of the district court "unless denial would result in fundamental unfairness impinging on due process rights." 577 F.2d at 431; See also Gil v. Reed, 381 F.3d 649, 656-657 (7th Cir. 2004); 28 U.S.C. § 1915(e)(1). The Court may only request counsel to represent an indigent if the likelihood of success is more than just doubtful. Miller v. Pleasure, 296 F.2d 283, 284 (2nd Cir. 1961). Under Local Rule 83.1(i), every member of the bar of this Court shall be available for appointment to represent an indigent.

The threshold burden the litigant must meet is to make a reasonable attempt to secure private counsel. Gil v. Reed, 381 F.3d 649, 656 (7th Cir. 2004); Zarnes, 64 F.3d at 288. After meeting the threshold burden, there are five factors that a district court should consider in ruling on a request to appoint counsel. Those factors are (1) whether the merits of the claim are colorable; (2) the ability of the indigent to investigate crucial facts; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) capability of the indigent person to present the case; and (5) the complexity of the legal issues raised by the complaint. See Farmer v. Haas, 990 F.2d 319, 322 (7th Cir. 1993); Merritt v. Faulkner, 697 F.2d 761, 764 (7th Cir. 1983); McKeever v. Israel, 689 F.2d 1315 (7th Cir. 1982); Maclin v. Freake , 650 F.2d 885,887-889 (7th Cir. 1981).

Plaintiff has made no showing of an attempt to secure private counsel on his own, without court intervention. Thus, he has not met the threshold burden required of him before the Court will consider appointing counsel in this matter. Even if he had, the legal issues in the case

2

are not complex.  Only one issue was presented to the jury, namely, whether the two defendants in the action retaliated against Plaintiff for filing grievances in violation of his rights under the First Amendment.  Furthermore, aside from the jury verdict against him, the Plaintiff has been quite successful in representing himself in this action by filing detailed motions, briefs, and responses at the trial level, and by filing a brief that convinced the Seventh Circuit to recall its prior mandate dismissing his appeal.  Finally, the Court notes that Plaintiff was appointed counsel in this matter in February 2005.  Three months prior to trial, however, Plaintiff's appointed counsel moved to withdraw, with the Plaintiff's consent, due to "irreconcilable differences" between Plaintiff and his appointed counsel (Doc. 115).  The Court granted counsel's motion to withdraw.  Despite the absence of counsel, Plaintiff competently represented himself at trial.

Accordingly, based on all the foregoing, Plaintiff's motion to reconsider the denial of counsel (Doc. 166) and motion for a hearing (Doc. 173) are **DENIED**.

**IT IS SO ORDERED.**

**DATED:  January 2, 2008**

s/ <em>Donald G. Wilkerson</em><br>
**DONALD G. WILKERSON**<br>
**United States Magistrate Judge**